1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11   STEVEN OSCAR BLACKWELL AUSTIN,   )   Case No.: 1:20-cv-01449-JLT  (HC)
                                     )
12          Petitioner,              )   ORDER TO SHOW CAUSE WHY PETITION
                                     )   SHOULD NOT BE DISMISSED FOR FAILURE
13      v.                           )   TO EXHAUST STATE REMEDIES
                                     )
14   STANISLAUS COUNTY SUPERIOR       )
     COURT,                          )   [THIRTY-DAY DEADLINE]
15          Respondent.             )
                                     )
16   _____)

17          On October 8, 2020, Petitioner filed the instant petition for writ of habeas corpus in United

18   States Court of Appeals for the Ninth Circuit.  (Doc. 1.)  The Ninth Circuit transferred the petition to

19   this Court on October 13, 2020.  (Doc. 2.)  The petition appears to be unexhausted; therefore,

20   Petitioner will be ordered to show cause why it should not be dismissed without prejudice.

21   **I.      DISCUSSION**

22          A.      Preliminary Review of Petition

23          Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary

24   review of each petition for writ of habeas corpus.  The Court must summarily dismiss a petition "[i]f it

25   plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in

26   the district court. . ."  Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990).  The Advisory

27   Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus,

28   either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an

1

1   answer to the petition has been filed.

2        B.    Exhaustion

3        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

4   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

5   exhaustion doctrine is based on comity to the state court and gives the state court the initial

6   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

7   722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

8        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

9   full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

10  Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full

11  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

12  claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

13  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

14       Additionally, the petitioner must have specifically told the state court that he was raising a

15  federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme

16  Court reiterated the rule as follows:

17       In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
     remedies requires that petitioners "fairly present" federal claims to the state courts in

18       order to give the State the "opportunity to pass upon and correct alleged violations of the
     prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to

19       be given the opportunity to correct alleged violations of prisoners' federal rights, they
     must surely be alerted to the fact that the prisoners are asserting claims under the United

20       States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a
     state court trial denied him the due process of law guaranteed by the Fourteenth

21       Amendment, he must say so, not only in federal court, but in state court.

22  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

23       Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal
     claims in state court *unless he specifically indicated to that court that those claims were*

24       *based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000).
     Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must*

25       *make the federal basis of the claim explicit either by citing federal law or the decisions*
     *of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d

26       882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982)), or the
     underlying claim would be decided under state law on the same considerations that would

27       control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F3d
     1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); .

28       . . .

2

> In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner indicates that he did not seek review in the California Supreme Court on the form petition, however, he also includes an order from the California Supreme Court which denied a petition for review. (<u>See</u> Doc. 1 at 44, 53.) Petitioner also indicates on the form petition that he has a pending "direct appeal for restitution from resentencing hearing." (<u>See</u> Doc. 1 at 45.) Because it is unclear whether Petitioner has presented his claims for federal relief to the highest state court, the Court must dismiss the petition. <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001). The Court cannot consider a petition that is unexhausted. <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982).

## II.    ORDER

Accordingly, within thirty days the Court **ORDERS** Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies.

IT IS SO ORDERED.

Dated:    **October 15, 2020**                    **/s/ Jennifer L. Thurston**
                                                        UNITED STATES MAGISTRATE JUDGE